IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA <br> *ex rel.* EDWARD ERNST, JR., <br><br> Plaintiff, <br> v. <br><br> COLLEGE PARK ANCILLARY, LLC, <br> *et al.*, <br><br> Defendants. | Case No. 2:19-cv-02085-TC |

## **ORDER**

Defendants, College Park Ancillary, LLC, Overland Park Surgical Specialists, LLC, MidAmerica Division, Inc., and HCA Healthcare, Inc. ("Defendants"), have filed a motion to stay discovery (ECF No. 69), pending a ruling on their motion to dismiss (ECF No. 67). The plaintiff, Edward Ernst, Jr., acting as relator on behalf of the United States of America, opposes this motion. For the reasons discussed below, the court grants the motion.

Background

Plaintiff alleges, under the False Claims Act, defendants violated certain Medicare and Tricare program policies in their physical therapy services.[1]  On July 2, 2020, defendants filed a motion to dismiss.[2]  In response, plaintiff filed an amended complaint

---

[1] ECF No. 54.

[2] ECF No. 20.

O:\ORDERS\19-2085-TC-69.DOCX

on August 5, 2020.³ In light of the amended complaint, the previous presiding U.S. District Judge, John W. Lungstrum, denied the motion to dismiss as moot.⁴ Defendants then filed three separate motions to dismiss on September 2, 2020,⁵ and filed a motion to stay on September 8, 2020.⁶ Plaintiff did not oppose that motion, and the court granted the stay.⁷

The order directed counsel to confer and submit a Rule 26(f) planning report if the case remained pending after Judge Lungstrum ruled on the motions to dismiss. Soon after, the case was reassigned to U.S. District Judge Toby Crouse. Plaintiff filed a second amended complaint on December 14, 2020.⁸ On December 22, 2020, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an amended order setting a scheduling conference for February 24, 2021.⁹ Defendants filed a third set of motions to dismiss on

---

³ ECF No. 29.

⁴ ECF No. 35.

⁵ ECF No. 36, 38, 40.

⁶ ECF No. 42.

⁷ ECF No. 43. Plaintiff cites e-mail correspondence between the parties where defendants agreed to provide initial disclosures within 14 days and begin producing documents within 30 days of a ruling on that set of motions. Plaintiff contends defendants didn't ever produce their initial disclosures. ECF No. 73 at 1-2. Defendants dispute this characterization, arguing the amended complaint had already been dismissed and they had nothing to produce at that point. ECF No. 74 at 2 n.1. Notwithstanding that disagreement, those terms weren't part of the briefing on the first motion to stay, and for the purposes of the court, the stay was unopposed.

⁸ ECF No. 54.

⁹ ECF No. 57.

January 11, 2021.[10]   Judge Crouse held a status conference regarding the motions to dismiss, ultimately denying them without prejudice and granting an oral motion to extend defendants' time to respond to the second amended complaint.[11]   Defendants filed another motion to dismiss on January 25, 2021.[12]   They filed the instant motion to stay on February 4, 2021.[13]

Analysis

The decision whether to stay discovery rests in the sound discretion of the court.[14] The Tenth Circuit has stated, however, that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[15]   Thus, as a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[16]   The court has recognized there may be exceptions to this rule, such as where: (1) the case is

---

[10] ECF No. 60, 62.

[11] ECF No. 66.

[12] ECF No. 67.

[13] ECF No. 69.

[14] *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990); *Tennant v. Miller*, No. 13-2143, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013).

[15] *Holroyd v. Dept. of Veterans Affairs*, No. 06-4133, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

[16] *Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)); *Garrett's Worldwide Enters., LLC v. United States*, No. 14-2281, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) ("[T]he general policy of this district is to proceed with discovery despite pending dispositive motions.").

likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendants' immunity from suit.[17]  The party seeking the stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[18]

Defendants argue the case will likely be finally concluded by Judge Crouse's ruling on the motion to dismiss.  Essentially, defendants argue plaintiff has again failed to meet the Rule 9(b) pleading standard for his claims.  Defendants point to the multiple amended complaints plaintiff has filed in this case.  They assert plaintiff has continually filed deficient complaints and argue the second amended complaint "suffers from the same pleading deficiencies."[19]  It's defendants' position that the motion to dismiss will likely be granted based on these deficiencies.  They set out in detail why they believe they'll prevail on the motion to dismiss, listing multiple pleading failures in the second amended complaint.

---

[17] *See Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (citing *Kutilek*, 132 F.R.D. at 297–98).

[18] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3 (D. Kan. Feb. 21, 2019).

[19] ECF No. 70 at 3.

Plaintiff doesn't address Rule 9(b) specifically in his response but represents any previous deficiencies have been cured in the second amended complaint.[20] He contends the law doesn't support defendants' arguments in the motion to dismiss.[21] The undersigned will not address the merits of those dispositive arguments in this order. Suffice it to say the arguments in this iteration of the motion to dismiss involve the same arguments the parties have litigated multiple times. Although the undersigned does not presume to predict how Judge Crouse will view or rule on the motion to dismiss, the undersigned agrees this is a case where a ruling on the dispositive motion very possibly could finally conclude the case.

Defendants further argue discovery at this stage is wasteful and burdensome because it's likely a ruling on the motion to dismiss could narrow the issues if it doesn't finally conclude the case.[22] As support, defendants point to the prior agreed-upon stay in this case to argue plaintiff won't be prejudiced by another stay.[23] Defendants argue allowing discovery to go forward now would burden them because they'd be required to respond to "intrusive discovery targeted at attempts to bolster [plaintiff's] pleadings or extracting settlements."[24] They intend to seek discovery from government agencies about the federal

---

[20] ECF No. 73 at 4-5.

[21] *Id.* at 3.

[22] ECF No. 70 at 10.

[23] *Id.*

[24] *Id.*

policies at issue, which may ultimately be unnecessary, depending on the ruling on the motion to dismiss.[25]

Most significantly, defendants cite case law discussing the purpose of Rule 9(b) to assert plaintiff shouldn't have the opportunity to proceed to discovery to bolster his claims.[26] Cases in this district have held "allowing non-particular fraud claims to proceed to discovery defeats Rule 9(b)'s purposes of bringing an early end to frivolous claims which bring reputational damage."[27] Defendants' position is that the record is complete as to the motion to dismiss. Discovery at this stage is not only unnecessary, it's also precluded by Rule 9(b). Plaintiff hasn't cited any cases to rebut this assertion. Rather, plaintiff argues the deficiencies of the allegations *have* been cured, but to the extent the court finds they haven't been, discovery will "help sort these issues out even more."[28]

After reviewing these factors, the undersigned concludes a stay is appropriate. Plaintiff has cited several cases for the proposition that stays are generally disfavored.[29] Although that is the correct starting point, defendants have shown a stay makes sense under these circumstances. The likelihood of the dispositive motion being resolved weighs

---

[25] *Id.* at 11 n.2.

[26] *Id.* at 11 (citing *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310 (Fed. Cir. 2011)); ECF No. 74 at 3 (citing cases in the District of Kansas to argue plaintiff can't "plead fraud in generalities with the hope that discovery will fill in the blanks").

[27] *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1204 (D. Kan. 2001) (citing *Safety Tech., L.C. v. LG Tech.*, 2000 WL 1585631 (D. Kan. Oct. 11, 2000)).

[28] ECF No. 73 at 5.

[29] *Id.*

toward convenience to the parties and to the court, in terms of efficiency. The undersigned agrees plaintiff will not be burdened by a relatively short stay while the dispositive motion is resolved. The undersigned concludes discovery at this point isn't necessary to respond to the purely legal arguments raised in the motion to dismiss. No discovery deadlines have been set, and discovery may commence if the case remains pending after Judge Crouse's ruling.

IT IS THEREFORE ORDERED that defendants' motion to stay (ECF No. 69) is granted. In light of this ruling, the undersigned will deny as moot defendants' unopposed motion to reschedule the scheduling conference (ECF No. 72), given the stay of deadlines. The deadlines in the amended order setting the scheduling conference (ECF No. 57) are vacated. Should the case remain pending after Judge Crouse rules on the motion to dismiss (ECF No. 67), the parties are directed to confer and submit a planning meeting report to the undersigned's chambers within 14 days.

IT IS SO ORDERED.

Dated February 12, 2021, at Kansas City, Kansas.

                                             s/ James P. O'Hara
                                             James P. O'Hara
                                             U.S. Magistrate Judge